IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EDWARD CAMPBELL                                               PETITIONER

VERSUS                                    CIVIL ACTION NO.  3:16CV130-HTW-LRA

MARSHALL FISHER                                                       RESPONDENT

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Thomas Campbell filed the instant petition for writ of habeas corpus relief on February 22, 2016.  Respondent moves to dismiss the petition for failure to state a claim upon which relief can be granted.  Alternatively, Respondent submits that the petition should be dismissed for failure to exhaust state court remedies.  The Court recommends that the motion be granted for the reasons set forth below.

In March 2011, Petitioner Campbell was convicted of one count of possession of methamphetamine, and two counts of the sale of methamphetamine in Rankin County, Mississippi.  He was also convicted later that same year of one count of sexual battery in Simpson County, Mississippi.  He is currently in the custody of the Mississippi Department of Corrections ("MDOC"), serving a term of 12 years on the methamphetamine counts and 3 years on the sexual battery count.[1]

Campbell does not challenge his underlying convictions in the instant petition, but rather the loss of four months of good-time credit he had previously earned toward his release.  As grounds for relief, Campbell requests that Rule Violation Reports (RVRs)

---

[1] ECF No. 13-1.

that he wrongfully received be removed from his record and his good-time credits be restored. He raises the following grounds in support (as stated by Petitioner):

Ground One: I did not have any kind of investigation or 24 hour notice for my hearing.

Ground Two: I was threatned w/mace when I was trying to get what a Dr. ordered.

Ground Three: The inmate that slept next to me put the tobacco and phone chargers in the laundry bag when K-9 ran in I was asleep from the medication.

Ground Four: I told CID a lot of information and they told me that they were going to do away with the RVR's but when I was moved to East Meridian my case was closed.

Ground Five: On 2-14-15 Lt. Hampton brought the 3 RVR, Nos. 01529857, 01529848 and 01519464 after she had already thrown them out for not having an investigation or 24 hour notice.[2]

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). (Emphasis added). A habeas petitioner must allege that he or she has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). If

---

[2]ECF No. 9, pp. 1-58.

a Petitioner has not alleged a deprivation of any such right, he has failed to state a claim for habeas relief.  *Id*.

In the instant case, to the extent that Campbell challenges his custodial classification, or claims that he was improperly denied the ability to earn "trusty" time towards his sentence, he fails to a state a claim upon which relief may be granted.  "There is no constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits."  *Thomas v. Jordan,* No. 07-60071, 2008 WL 4649095, at *1 (5th Cir. 2008) (citing *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir.1995)*; Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)).  However, to the extent that Campbell claims that he received RVRs in violation of his due process rights resulting in a loss of good-time credits, he correctly pursues these claims through habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500  (1973) (holding § 2254 is the sole remedy for a prisoner's challenge to revocation of good-time credits); *see also Kimbrell v. Cockrell,* 311 F.3d 361, 362 (5th Cir. 2002) ("These decisions rest ultimately on the Supreme Court's holding in *Preiser* ... that authorized § 2254 as the sole remedy for a prisoner's challenge to revocation of good-time credits.")*; Lovett v. Dretke*, 100 F.App'x. 225 (5th Cir. 2004) (prisoner's claim that his due process rights were violated when he lost good-time credits for violating rule of which he allegedly had no notice stated cognizable ground for habeas relief).

When habeas corpus is the exclusive federal remedy, a petitioner cannot seek intervention of the federal court under § 2254, until he has first sought and been denied

3

relief in state courts.[3] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under § 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

It is unclear from the filings in the instant case whether Campbell completed MDOC's administrative remedy program. Even so, to satisfy AEDPA's exhaustion requirement with regard to his loss of good-time credits, it is not enough for Petitioner to complete the MDOC's administrative remedy program. Exhaustion requires him to

---

[3] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

 (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

   (A) the applicant has exhausted the remedies available in the courts of the State; or
   (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
     . . . .
 (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

present his claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Specifically, upon completion of the administrative remedy program and receipt of the appropriate certificate, Petitioner was required to appeal the ruling, within 30 days, to the appropriate circuit court and then to the Mississippi Supreme Court. *See Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010). Nothing of record before the Court indicates that Petitioner sought judicial review in state court before filing the instant petition for relief. Until such time, his claims are unexhausted and may not be considered by this Court.

Petitioner does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005). Thus, Petitioner is HEREBY cautioned that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so.

In sum, Campbell's claims challenging his custodial classification and the denial of the ability to earn credits fail to a state a claim upon which relief may be granted, and should be dismissed with prejudice. Any and all other claims should be dismissed without prejudice for failure to exhaust state court remedies for the reasons stated herein.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of*

*Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 25th day of October 2016.

                                                /s/  Linda R. Anderson
                                         UNITED STATES MAGISTRATE JUDGE